UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                           Chapter 11 Case

SIMPLY FASHION STORES, LTD.,[1]                                  Case No. 15-16888-AJC

        Debtor.
_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

In compliance with Local Rule 2081-1(B), Simply Fashion Stores, Ltd. ("Simply Fashion" or the "Debtor"), files this *Chapter 11 Case Management Summary* and states:

The following data and the data set forth in the attached exhibits represent approximations for background information only and represents the Debtor's reasonable estimate in response to some of the ensuing questions.

    **1.**    **Description of Debtor's Business:**

Simply Fashion has more than 250 stores across the country in major markets such as Detroit, Miami, New Orleans, St. Louis, Chicago, Atlanta, Baltimore, Nashville and Dallas. Simply Fashion has been in the fashion industry since 1991 and focuses on providing affordable closing options for urban women. Simply Fashion offers styles and the latest trends as well as essentials for all shapes and sizes of women, including Plus and Super Plus (up to size 36) as well as Juniors and Misses. Simply Fashion also offers accessories, shoes and lingerie for both Plus and Super Plus sizes.

For a detailed description of the Debtor, its operations, and its assets and liabilities, the Debtor respectfully refers the Court and parties-in-interest to the *Declaration in Support of First Day Pleadings* (the "First Day Declaration"), filed on the date hereof (the "Petition Date").

---

[1] The last four digits of the taxpayer identification number for the Debtor are 6230. The mailing address for the Debtor is 2500 Crestwood Boulevard, Birmingham, AL 35210.

2. **Location of Debtor's operations and whether the business premises are leased or owned:**

   Principal Place of Business:
   2500 Crestwood Boulevard
   Birmingham, AL 35210

   The Debtor also occupies premises in various locations throughout the United States.

   All of the premises used or occupied by the Debtor are leased and not owned.

3. **Reasons for Filing Chapter 11:**   Please see First Day Declaration.

4. **List of officers[2] and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing:**

   Swapnil Shah – President and Chief Executive Officer
   Shail Shah – Vice President
   Soneet Kapila-Chief Restructuring Officer

5. **Debtor's Annual Gross Revenues:**

   3 months ending 4/9/2015 - $ 20,849,853

   1/1/14 through 12/31/14 - $64,672,929

6. **Amounts owed to various creditors:**

   a. **Priority Creditors** – Approximately $1,773,500
      Comprised of:   Wage claims - $946,052
                      Payroll tax claims - $281,169
                      Other tax claims - $546,279

   b. **Secured Creditors** – Approximately   - $9,400,000
      Comprised of:   JNS INVT, LLC - $9,000,000
                      Iberia           - $   400,000

   c. **Unsecured Claims** – Approximately $13,598,036, exclusive of any lease rejection damage claims that may arise.

---

[2] Officers do not receive salary or benefits from the Debtor.

7.  **General Description and Approximate Value of the Debtor's Current and Fixed Assets:**

    As of March 31, 2015, the Debtor's principal assets consist of inventory (estimated $22 million retail value); credit card receivables estimated ($440,415); and, equipment and other fixed assets ($5.8 million based on book value).

8.  **Number of Employees and Amount of Gross Wages Owed as of the Petition Date:**

    The Debtor employs a total of 1332 salaried and hourly employees.

9.  **Status of Debtor's Payroll and Sales Tax Obligations:**

    The payroll tax obligation as of the Petition Date is $218,474 and the sales tax obligation as of the Petition Date is $543,943.15.

10. **Anticipated emergency relief to be requested within 14 days from the petition date:**

    See attached **Exhibit A** which contains a list of the various "first day" motions and applications filed contemporaneously herewith.

11. **The Debtor's strategic objectives, i.e., refinancing, cram down, surrender/sale of assets of business:**

    Through this case, the Debtor seeks to preserve and maximize the value of its business through an orderly going out of business sale process for the benefit of all of its stakeholders.

Dated this __16__ day of April, 2015.

Respectfully submitted,

Simply Fashion Stores, Ltd.

By: _____
Soneet R. Kapila, Chief Restructuring Officer

# EXHIBIT "A"
## First Day Motions and Applications

1. Debtors' *Ex-Parte* Motion for Joint Administration [ECF No. 5]

2. Declaration in Support of First Day Pleadings [ECF No. 22]

3. Debtors' Application, Pursuant to Section 363(b) of the Bankruptcy Code, for Authority to Employ and Retain, on an Interim and Final Basis, KapilaMukamal, LLP, as Restructuring Advisors to the Debtors, and to Provide a Chief Restructuring Officer *Nunc Pro Tunc* to the Petition Date [ECF No. 6];

4. Debtors' Application for Approval, on an Interim and a Final Basis, of the Employment of Paul Steven Singerman and the Law Firm of Berger Singerman LLP as Counsel for Debtors-In-Possession, *Nunc Pro Tunc* to the Petition Date [ECF No. 7];

5. Debtors' Application for Entry of Order Authorizing Debtors to Employ and Retain Prime Clerk LLC as Notice, Claims and Solicitation Agent *Nunc Pro Tunc* to Petition Date [ECF No. 8];

6. Debtors' Emergency Motion For (A) Authority To (I) Maintain Bank Accounts and To Continue To Use Existing Business Forms And Checks, and (II) Continue To Use Existing Cash Management System, and (B) Waiver Of Certain Investment and Deposit Guidelines [ECF No. 9];

7. Debtors' Emergency Motion for Authorization to (I) Continue to Administer Insurance Policies and Related Agreements; and (II) Honor Certain Obligations In Respect Thereof [ECF No. 10];

8. Debtors' Emergency Motion Pursuant to Sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code for an Order (A) Authorizing, but not Directing, the Debtors to (I) Maintain and Administer Customer Programs, and (II) to Honor or Pay Certain Prepetition Obligations to Their Customers in the Ordinary Course of Business; and (B) Granting Certain Related Relief [ECF No. 11];

9. Debtors' Emergency Omnibus Motion To Reject Unexpired Leases as of the Petition Date [ECF No. 12];

10. Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals [ECF No. 13];

11. Debtors' Emergency Motion to File Under Seal Unredacted Schedule to Employee Wage and Benefit Motion [ECF No. 14];

12. Debtors' Emergency Motion for Order Authorizing Debtors to Pay Prepetition Sales, Use, Trust Fund, Property, and Other Taxes and Similar Obligations [ECF No. 15];

13. Debtors' Emergency Motion For Order (I) Authorizing Debtors to Pay (A) Certain Prepetition Employee Obligations and (B) Prepetition Withholding Obligations, (II) Authorizing The Debtors to Maintain Employee Benefit Programs, and (III) Directing Banks to Honor Related Prepetition Transfers [ECF No. 17];

14. Debtors' Omnibus Motion To Reject Unexpired Leases as of April 30, 2015 [ECF No. 21];

15. Debtors' Emergency Motion For Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services [ECF No. 23]; and

16. Debtors' Emergency Motion (I) for Authorization to (A) Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364 and (B) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363 (II) to Grant Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. §§ 361, 363, and 507, and (III) Scheduling a Final Hearing under Bankruptcy Rule 4001 [ECF No. 24].

6332202-4