

ORDERED in the Southern District of Florida on April 16, 2015.

*[signature]*

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| | Chapter 11 Cases |
| ADINATH CORP. and | Case No. 15-16885-LMI |
| SIMPLY FASHION STORES, LTD. [1], | Case No. 15-16888-AJC |
| Debtors. | |
| _____/ | |

**ORDER GRANTING DEBTORS' *EX PARTE*
MOTION FOR JOINT ADMINISTRATION**

**THIS MATTER** came before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. 5] (the "Motion")[2] filed by Adinath Corp. ("Adinath") and Simply Fashion Stores, Ltd. ("Simply Fashion", and together with Adinath, each, a "Debtor", and collectively, the "Debtors") pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(B)(2)(a). The Motion requests entry of an order authorizing the joint administration of

___

[1] The Debtors in these cases, along with the addresses and last four digits of each Debtor's federal tax identification number are: (i) Adinath Corp., 2110 N.W.95th Avenue, Miami FL 33172 (4843); and (ii) Simply Fashion Stores, Ltd., 2500 Crestwood Boulevard, Birmingham, AL 35210 (6230).
[2] Any term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

6311808-1

the bankruptcy cases of the Debtors. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, good and sufficient cause exists for the granting of the relief as set forth herein; it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. Case No. 15-16885-LMI is designated as the "lead case." Case No. 15-16888-AJC is transferred to the undersigned judge.

3. A single case docket and court file will be maintained hereafter under the "lead case" number.

4. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                      Chapter 11 Cases

ADINATH CORP., and
SIMPLY FASHION STORES, LTD.,                           Case No. 15-16885-LMI
                                                                                  (Jointly Administered)

       Debtors.
_____/

      6.     Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed

      7.     Parties may request joint hearings on matters pending in either of the jointly administered cases.

      8.     A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Adinath Corp.; and (ii) Simply Fashion Stores, Ltd. The docket of Adinath Corp. (Case No. 15-16885-LMI) should be consulted for all matters affecting this case.

6311808-1                                                                  3

9. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

11. The Debtors in Possession shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

#   #   #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340
Email:  singerman@bergersingerman.com

Copies furnished to:
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*